UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| KRISTOPHER LEE KIMBROUGH, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ALAMO COLLEGES, | § | SA-09-CV-0738 XR (NN) |
| ST. PHILIP'S COLLEGE, | § | |
| DR. ADENA LOSTON, and | § | |
| REBECCA E. SANCHEZ, in their | § | |
| Individual and Official Capacities, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

TO:   Xavier Rodriguez
      United States District Judge

This report and recommendation addresses the defendants' motion to dismiss. I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district judge's order of referral.[1]

**Background of the Case**. Plaintiff Kristopher Lee Kimbrough was previously enrolled in St. Philip's College's Occupational Therapy Assistant program. St. Philip's College is one of five colleges operated by Alamo Colleges. After completing one and a half years of the two-year Occupational Therapy Assistant program, Kimbrough was involuntarily withdrawn from the program based on his juvenile criminal history. Kimbrough later brought this lawsuit seeking reinstatement, injunctive relief and monetary damages. As defendants, Kimbrough named Alamo Colleges, St.

---

[1]Docket entry # 10.

Philip's College, Adena Loston—President of St. Philip's College—and Rebecca Sanchez—former Chair of the college's Allied Health Department. Kimbrough alleged causes of action for civil rights violations of federal substantive and procedural due process (under 42 U.S.C. § 1982, § 1985), violation of the Texas due course clause, breach of contract, intentional infliction of emotional distress, and negligent hiring, training and supervision. The defendants have moved to dismiss some of Kimbrough's claims. The defendants' arguments are discussed below by defendant or argument as applicable.

**Applicable standards**. A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[2]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[3]

**Whether St. Philip's College is a proper defendant**. The defendants asked for dismissal of the claims against St. Philip's College on the ground that the college is not a separate legal entity from Alamo Colleges.[4] Under the Texas Education Code, "[t]he trustees of an independent school district [like Alamo Colleges] constitute a body corporate and in the name of the district may. . . sue and be sued. . . ."[5] There is no similar provision for a junior college like St. Philip's College. Kimbrough

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

[4] Docket entry # 20, p. 2.

[5] Tex. Educ. Code Ann. § 11.151 (Vernon 2006).

has no objection to the dismissal of his claims against St. Philip's College.[6] The claims against St. Philip's College fail to state a claim upon which relief may be granted because the college is not a separate legal entity and lacks the capacity to be sued. The claims against St. Philip's College should be dismissed.

**Whether Kimbrough can seek punitive damages against Alamo Colleges**. The defendants asked for dismissal of Kimbrough's claims for punitive damages under section 1983 on the ground that a plaintiff may not recover punitive damages against a governmental unit.[7] The Supreme Court has determined that a governmental entity is immune from punitive damages.[8] Kimbrough has no objection to the dismissal of his claim for punitive damages against Alamo Colleges, St. Philip's College, or Loston and Sanchez in their official capacities.[9] Kimbrough's claim for punitive damages fails to state a claim upon which relief may be granted because a plaintiff may not recover punitive damages against a governmental unit. The claims for punitive damages against Alamo Colleges, St. Philip's College, or Loston and Sanchez in their official capacities should be dismissed.

**Whether the defendants are immune from Kimbrough's state tort causes of action**. Kimbrough sued Alamo Colleges and St. Philip's College for negligent hiring, training and

---

[6] Docket entry # 26, p. 3, ¶ 6.

[7] Docket entry # 20, p. 3.

[8] *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981) ("[C]onsiderations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials.").

[9] Docket entry # 26, p. 3.

supervision.[10] Kimbrough sued Loston and Sanchez for intentional infliction of emotional distress.[11]

The defendants maintain they are immune from these claims under the Texas Tort Claims Act.[12]

> Sovereign immunity bars suits against the State unless the Legislature expressly gives consent. Governmental immunity affords political subdivisions such as counties and municipalities similar protection for their governmental functions. The Texas Tort Claims Act ("TTCA") waives both sovereign and governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property." The TTCA's waiver of sovereign immunity does not extend to a plaintiff's claim for personal injury if that claim arises out of an intentional tort.[13]

Alamo Colleges and St. Philip's College are political subdivisions of the state and thus are entitled to governmental immunity if the State has not waived its immunity.[14] The TTCA does not waive the State's immunity as to Kimbrough's claim for negligent hiring, training and supervision because the claim does not rely on the use of a motor-driven vehicle or motor-driven equipment or a condition or use of tangible personal or real property. Consequently, Kimbrough's claim against Alamo Colleges and St. Philip's College for negligent hiring, training and supervision fails to state a claim upon which relief may be granted because the State has not waived its immunity. The negligent-hiring-training-and-supervision claim should be dismissed.

---

[10] Docket entry # 18, pp. 51-52.

[11] Docket entry # 18, pp. 50-51.

[12] Docket entry # 20, pp. 3-4.

[13] *Barr v. City of San Antonio*, No. SA-06-CA-0261-XR, 2006 WL 2322861, at * 2 (W.D. Tex. July 25, 2006) (citations omitted).

[14] *Braun v. Trustees of Victoria Indep. Sch. Dist.*, 114 S.W.2d 947, 949 (Tex. Civ. App. 1938, writ ref'd) ("[A]n independent school district is an agency of the state, and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort.").

Kimbrough's claim for intentional infliction of emotional distress is an intentional tort, expressly excluded from the State's waiver of sovereign immunity.[15] A claim for an intentional tort against a governmental employee sued in her official capacity fails to state a claim upon which relief may be granted. To the extent Kimbrough has sued Loston and Sanchez in their official capacities for intentional infliction of emotional distress, they are immune from the claim. The claim should be dismissed.

**Whether Kimbrough has stated a claim for intentional infliction of emotional distress**. The defendants argued that Kimbrough alleged no conduct arising to the level of "extreme and outrageous" for an intentional-infliction-of-emotional-distress claim.[16] "To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe."[17] "Extreme and outrageous conduct is conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"[18] In the absence of allegations of conduct rising to the level of "extreme and outrageous," a claim for intentional infliction of emotional distress fails to

---

[15] *See Jackson v. Sheriff of Ellis County, Tex.*, 154 F. Supp. 2d 917, 921 (N.D. Tex. 2001) (dismissing claim against county sheriff because intentional infliction of emotional distress is an intentional tort for which the State has not waived sovereign immunity).

[16] Docket entry # 20, pp. 4-5.

[17] *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003).

[18] *Tiller*, 121 S.W.3d at 713 (citations omitted).

5

state a claim upon which relief may be granted. Whether a defendant's conduct is "extreme and outrageous" is a question of law for the court.[19]

Kimbrough alleges that he suffered severe emotional distress because he was permitted to complete one and a half years of the Occupational Therapy Assistant program before being expelled from the program based on an offense committed when he was 15 years old, despite academic success and disclosure of his felony conviction. In light of how difficult it is to prove extreme and outrageous conduct in Texas,[20] reasonable people would not view the alleged conduct to be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Reasonable people are more likely to view the alleged conduct as negligent or incompetent, but neither of those characterizations rises to the level of extreme and outrageous conduct. The claim should be dismissed.

**Whether Kimbrough can recover damages under the Texas due course clause.** Kimbrough alleges that the defendants' actions in expelling him from the Occupational Therapy Assistant Program violated the due course clause of the Texas Constitution.[21] That clause provides as

---

[19] *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001).

[20] *See, e.g., Creditwatch, v. Jackson*, 157 S.W.3d 814, 817-818 (Tex. 2005) (finding that employer's instruction to employee to evict the plaintiff, while suggesting that the employee would be fired if she did not evict the plaintiff, "was callous, meddlesome, mean-spirited, officious, overbearing, and vindictive, but not 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'") (citations omitted); *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 384 (Tex. App.—Houston [1 Dist.] 2001, pet. denied) (determining that reporter's arranging and conducting an interview with mother who hid her daughter from custodial father and failing to notify child's father or authorities about the contact did not rise to the level of extreme or outrageous); *Gaspard v. Beadle*, 36 S.W.3d 229, 238 (Tex. App.—Houston [1 Dist.] 2001, pet. denied) (concluding that lawyer's sending a former client a bill for legal services after he ended a sexual relationship with his former client "does seem to add insult to injury," but does not constitute extreme and outrageous conduct).

[21] Docket entry # 18, p. 45.

follows: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."[22] The defendants assert that Kimbrough cannot recover monetary damages under Texas's due course clause and seek dismissal of the damages claim.[23] The defendants are correct. There is no cause of action under the Texas Constitution which provides for recovery of monetary damages.[24] Kimbrough impliedly conceded this point by failing to address this argument in his response. Kimbrough's claim under the Texas Constitution for which he seeks the recovery of monetary damages should be dismissed.

**Recommendation**: For the reasons discussed in this report and recommendation, I recommend granting the defendants' motion to dismiss (docket entry # 20) and dismissing the following claims: (1) claims against St. Philip's College; (2) claims for punitive damages against Alamo Colleges, St. Philip's College, and Loston and Sanchez in their official capacities; (3) the claim for negligent hiring, training and supervision; (4) the claim for intentional infliction of emotional distress; and (5) the claim for money damages under the Texas Constitution.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court,

---

[22]Tex. Const. art. 1, § 19.

[23]Docket entry # 20, p. 5.

[24]*City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995) ("[T]here is no basis from the text of the Constitution to assume a party is given more than equitable protection. . . .[T]here is no implied private right of action for damages under the Texas Constitution when an individual alleges the violation of speech and assembly rights."); *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 401 (Tex. App.—Houston [14 Dist.] 1999, no pet.) (finding that the plaintiff's request for back pay constituted a claim for money damages and explaining that money damages is not recoverable under the Texas Constitution).

7

or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[25] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[26] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[27]

    **SIGNED** on March 8, 2010.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[25] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[26] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[27] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).